UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH (SIMON-PARTRIDGE) MEIGHEN, <br><br> Plaintiff, <br><br> v. <br><br> TIAA-CREF, <br><br> and <br><br> VIVIAN PARTRIDGE AND LOREN D. PARTRIDGE <br><br> Defendants. | Case No. 1:18-cv-168 <br><br> Removed From the Superior Court of Gibson County, Indiana <br> Case No. 26D01-1712-PL-001894 |

## NOTICE OF REMOVAL

Defendants Teachers Insurance and Annuity Association of America ("TIAA") (incorrectly named as "TIAA-CREF"), by and through its undersigned attorney and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal with respect to the above captioned case, which has been filed in the Superior Court of Gibson County, Indiana, Case No. 26D01-1712-PL-001894. In support of this Notice of Removal, Prudential states the following:

### Background and Timeliness

1. On or about December 14, 2017, Plaintiff Sarah (Simon-Partridge) Meighen commenced a civil action against TIAA and Defendants Vivian Partridge and Loren D. Partridge (collectively, the "Partridge Defendants") by filing a complaint in the Superior Court of Gibson County, Indiana Case No. 26D01-1712-PL-001894.

2. TIAA was served on December 23, 2017. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons,

pleadings, and orders" served upon TIAA in the state court action, is attached hereto as Exhibit A. Because TIAA has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3. As set forth in the Partridge Defendants' January 10, 2018 Motion for Extension of Time, the Partridge Defendants were served with a summons and Plaintiff's complaint on December 23, 2017.

4. Plaintiff's complaint alleges that her former husband, Dane Partridge, died on October 28, 2017, and that, at the time of his death, held retirement accounts with TIAA. (Compl. ¶¶ 4, 6.)

5. Plaintiff alleges that Dane Partridge verbally agreed to leave Plaintiff as the beneficiary of his TIAA retirement accounts. (Compl. ¶ 2.)

6. Plaintiff seeks an order declaring that she is the sole owner of all of the TIAA retirement accounts of Dane Partridge for which she was designated as the named beneficiary. (Compl. ¶ 9.)

### This Case Is Removable Based Upon Diversity Jurisdiction

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the Defendant to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a).

9. In this case, both the "diversity" and "amount in controversy" requirements are met.

## The Parties Are Diverse

10. As reflected in Plaintiff's complaint, Plaintiff is a citizen of Indiana because she is a resident of Posey County. (Compl. ¶ 5.)

11. Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c).

12. TIAA is a legal reserve life insurance company under the laws of the State of New York with its principal place of business located at 730 Third Ave., New York, NY 10017-3206. TIAA is not a citizen of the State of Indiana. *See* 28 U.S.C. § 1332(c)(1).

13. Upon information and belief, the Partridge Defendants reside in Michigan and are thus citizens of that state.

14. Thus, Plaintiff and Defendants are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (stating that diversity jurisdiction "require[s] complete diversity between all plaintiffs and all defendants") (citation omitted).

## Consent of the Partridge Defendants Is Not Required

15. The removal statute provides that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

16. The Seventh Circuit, however, has made clear that "[n]ominal or formal parties need not join in removal." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)

43854651v.1

*abrogated on other grounds as recognized in Carroll v. Stryker Corp.*, 658 F.3d 675, 680 n.1 (7th Cir. 2011)). "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Id.*; *see also First Merchants Trust Co. v. Wal-Mart Stores East, LP*, 630 F. Supp. 24 964, 968 (S.D. Ind. 2008) (stating that a nominal party "is merely a stakeholder between the real adversaries").

17. On January, 18, 2018, counsel for TIAA and CREF contacted counsel for the Partridge Defendants, who indicated that the Partridge Defendants do not consent to removal of this action.

18. Consent from the Partridge Defendants is not required for removal because they are nominal defendants. The complaint does not allege any facts providing a reasonable basis for predicting that the Partridge Defendants will be held liable. *See Shaw*, 994 F.2d at 369. Nor does the complaint allege make any allegations of wrongdoing against the Partridge Defendants or provide any other basis for obtaining relief from them. *See First Merchants Trust Co.*, 630 F. Supp. 2d at 968. Rather, the complaint merely alleges that the Partridge Defendants "are made parties hereto to assert any claim or interest they may have" in Dale Partridge's retirement accounts. (Compl. ¶ 10.)

19. Plaintiff seeks a Court order declaring that she is the sole owner of the retirement accounts of Dale Partridge for which she is the named beneficiary. (Compl. ¶ 9.) The Partridge Defendants could not provide this relief even if Plaintiff obtains the order she seeks. The transfer of ownership of Dale Partridge's retirement accounts may only be accomplished by the plan administrator.[1] Accordingly, the Partridge Defendants are nominal defendants and their consent to removal is not required. *Shaw,* 994 F.2d at 369; *see also Cochran v. Hartford Life Ins. Co.*,

---

[1] TIAA is not the plan administrators for the relevant retirement accounts and are, therefore, also not liable for the relief Plaintiff seeks. TIAA will make this showing at the appropriate time.

No. 3:14-cv-00022-RLY-WGH, 2015 WL 332898, at *1 (S.D. Ind. Jan. 26, 2015) (finding that defendant was a nominal defendant because it could not be held liable for any claims asserted).

### The Amount In Controversy Plausibly Exceeds $75,000

20. In cases where a plaintiff has not specified an amount in controversy in a petition, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

21. The retirement accounts held by Dane Partridge with TIAA in connection with his employment at the University of Southern Indiana contained approximately $467,000 at the time of his death.

22. Accordingly, the amount in controversy plausibly exceeds the $75,000 threshold for diversity jurisdiction. *See* 28 U.S.C. §§ 1332(c).

23. Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1332(a); (c).

24. This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

### **Venue And Notice**

25. Venue is proper in this District because, pursuant 28 U.S.C. § 94(a), this District embraces the Superior Court of Gibson County, Indiana, the place where the removed action has been pending. 28 U.S.C. § 1441(a).

26. Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Superior Court of Gibson County, Indiana, and will serve a copy thereof on Plaintiff and the Partridge Defendants through their counsel, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at Exhibit B.

## **Conclusion**

27. Based on the foregoing, this Court has original jurisdiction over this action based on diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

28. Should Plaintiff seek to remand this case to state court, TIAA respectfully requests that it be permitted to brief and argue the issue before any order remanding this case. In the event the Court decides remand is proper, TIAA asks that the Court retain jurisdiction and allow TIAA to file a motion asking this Court to certify any remand order for interlocutory review by the U.S. Court of Appeals for the Seventh Circuit, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant TIAA requests that the above-described action pending against it be removed to this Court and request all other relief, at law or in equity, to which it justly is entitled.

DATED: January 19, 2018              Respectfully submitted,


By: /s/ Amanda A. Sonneborn


Amanda A. Sonneborn
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460- 5000
Facsimile: (312) 460-7000
E-mail: asonneborn@seyfarth.com

*Attorneys for Defendants Teachers Insurance and Annuity Association of America and College Retirement Equities Fund*

43854651v.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 19, 2018, she served a copy of the foregoing via U.S. Mail on the following counsel of record:

> Steven K. Deig
> Christen M. Christian
> Law Offices of Steven K. Deig LLC
> 5615 E. Virginia Street
> Evansville, IN 47715
> Counsel for Defendants Vivian Partridge
> And Loren D. Partridge
>
> Thomas A. Massey
> Massey Law Offices, LLC
> Curtis Building Suite 502
> 915 Main Street
> P.O. Box 3526
> Evansville, IN 47734-3526
> Counsel for Plaintiff

/s/ Amanda A. Sonneborn